UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JULIE WETTERSTEN, *et al.*,

    Plaintiffs,

v.

CHILLICOTHE CITY SCHOOL
DISTRICT BOARD OF
EDUCATION, *et al.*,

    Defendants.

:

:

:

CASE NO. 2:21-CV-5187

Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiffs are parents who allege their constitutional rights were violated by a face covering policy implemented by Defendant Chillicothe City School District Board of Education. This matter is before the Court for consideration of Defendants' Motion to Dismiss. (Mot., ECF No. 15.) Plaintiffs opposed (Opp., ECF No. 20), and Defendants filed their reply (Reply, ECF No. 22). This matter is now ripe for consideration. For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

    I.    **BACKGROUND**

All well-pled factual allegations in the Complaint (Compl., ECF No. 1) are considered as true for purposes of the Motion to Dismiss. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016). The following summary draws from the allegations in the Complaint, the documents integral to and incorporated therein, and other documents subject to judicial notice.

### A. Parties

Plaintiffs Julie Wettersten, Leanne Sells, Jamilee Jack, and Julie Newsome are residents of Chillicothe City School District and their children attend Chillicothe City Schools. (Compl. ¶¶ 5–8.) Plaintiffs allege that their rights under the United States and Ohio Constitutions were violated by Defendant Chillicothe Board of Education's policy requiring students and visitors to wear facial coverings in their schools. (*Id.* ¶¶ 71, 75, 79.) Chillicothe Board of Education is responsible for formulating and implementing policies, regulations, and procedures for the School District. (*Id.* ¶ 9.)

Plaintiffs also name as Defendants Deborah Swinehart (the Superintendent of the School District) and all of the members of Chillicothe Board of Education (Liz Corzine, Bill Bonner, Jeff Hartmus, Kelly Dennis, and Shawn Porter). (*Id.* ¶¶ 10–12.)

### B. Chillicothe Board of Education Face Covering Policy

On August 17, 2021, Superintendent Deborah Swinehart issued a letter informing families that the School District would require face coverings for all staff, students, and visitors when at the public school through September 10, 2021. (Compl. ¶ 42.) On September 8, 2021, Superintendent Swinehart issued another letter continuing the face covering requirements for the school year. (*Id.* ¶ 43.) The official "COVID-19 Face Covering Policy" adopted by the Chillicothe Board of Education required all school staff members and students to wear a face covering. (*Id.* ¶ 44.) The policy applied to all students in grades 3–12, but a student could

2

request an exception to the policy for, among other things, "documented health or developmental condition[s]." (*Id.*) A failure or refusal to wear the required face covering could result in "discipline in accordance with other District policies, handbooks, and/or codes of conduct as applicable." (*Id.*) Ms. Wettersten notified Superintendent Swinehart and others that she did not consent to her child wearing a mask in school. (*Id.* ¶ 45.)

Plaintiffs allege the policy is "unsupported by science." (*Id.* ¶ 50.) Plaintiffs contend that face coverings cause a "measurable drop in oxygen saturation," an "increase in carbon dioxide," "an increased noradrenergic stress response" demonstrated by an increased heart rate and respiratory rate, and "in some cases" a blood pressure increase. (*Id.*)

Plaintiffs filed suit *pro se* on behalf themselves and their children seeking a Temporary Restraining Order and a declaration that the face covering policy was unlawful.

### C. Procedural History

After an informal conference, the Court denied Plaintiffs' motion for Temporary Restraining Order (ECF No. 5) and dismissed without prejudice all claims asserted by Plaintiffs on behalf of their minor children (ECF No. 10), including Plaintiffs' federal and state claims alleging violations of procedural (Counts I, VI) and substantive due process rights (Counts II, VII). Claims III, IV, and V are remaining. (*Id.*)

3

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of her pleadings and filings, she still must do more than assert bare legal conclusions, and the "complaint must contain

4

either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. ANALYSIS

Plaintiffs argue that Defendants' face covering policy violated their constitutional rights under the Ninth Amendment (Count III), Tenth Amendment (Count IV), and Article 1, § 21 of the Ohio Constitution (Count V). Because Plaintiffs' Complaint fails to adequately allege Defendants violated their rights under the Ninth or Tenth Amendments, Plaintiffs' Complaint fails to state a claim upon which relief may be granted, and the Court declines to exercise supplemental jurisdiction over the remaining state law claim.

#### A. Plaintiffs fail to plausibly allege that Defendants violated their Ninth Amendment rights (Count III).

Plaintiffs assert that they have a fundamental right to parent and protect their children under the Ninth Amendment that has been violated by Defendants' face covering policy. (Compl. ¶¶ 68–71.) Defendants counter that Plaintiffs have no available claim under the Ninth Amendment because the Ninth Amendment does not confer substantive rights. (Mot., PageIDs 554–55.)

The Ninth Amendment states "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. It was "added to the Bill of Rights to ensure that the maxim *expressio unius est exclusio alterius* would not be used at a later time to deny fundamental rights merely because they were not specifically enumerated in the

5

Constitution. *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991).

The Ninth Amendment is treated as a rule of construction and does not confer any substantive rights. *Id.* It protects only fundamental rights which are not explicitly protected elsewhere. *Joy v. City of Dayton*, No. C-3-90-132, 1991 WL 1092505, at *3 (S.D. Ohio June 28, 1991) (Rice, J.) (citing *Strandberg v. Helena*, 791 F.2d 744 (9th Cir. 1986)).

While Plaintiffs do enjoy a right to direct the upbringing and education of their children, that right is protected under the Due Process Clause of the Fourteenth Amendment, not the Ninth Amendment. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000) (citing *Meyer v. Nebraska*, 262 U.S. 390, 399, 401 (1923)); *Schulkers v. Kammer*, 955 F.3d 520, 540–41 (6th Cir. 2020) (holding parents' right to make decisions concerning the care and custody of their children without government interference was clearly established). But even assuming Plaintiffs had pled a Fourteenth Amendment violation of their rights to make decisions concerning the care, custody, and control of their children, their claim would still fail.[1]

*Oberheim v. Bason* is informative given its parallel facts. No. 4:21-CV-01566, 2021 WL 4478333, at *4 (M.D. Pa. Sept. 30, 2021). In an action against a school board and administrators, parents argued a school mask policy violated their rights to raise their children as they pleased. *Id.* In balancing the interests of parents

---

[1] Plaintiffs brought claims for violations of Due Process rights under the Fourteenth Amendment in Counts I and II, but those Counts were dismissed by the Court because Plaintiffs alleged their children's rights—not their own—were violated. (Compl. ¶¶ 54–67; ECF No. 10.)

6

against those of the school, the *Oberheim* Court held that "[a]lthough parents possess the right to raise their children as they see fit, they are not entitled to undermine the Government's public health efforts during a global pandemic by refusing to have their children comply with a school masking requirement." *Id*. The *Oberheim* Court stressed that no "cases stand[] for the proposition that school masking requirements violate" the right to raise one's child or children the way he or she wants. *Id*. This Court finds such reasoning persuasive—this is a circumstance where the objections of parents must give way to a city school board's decision to protect the health of students and staff. Indeed, The Chillicothe Board of Education thoughtfully reviewed and considered local, state, and federal recommendations when making its decisions. (Compl. ¶¶ 42–44.)

Caselaw is consistent with the holding in *Oberheim*—parents have a constitutional right to direct their children's education *up to a point. See, e.g., Swanson v. Guthrie Indep. Sch. Dist. No. I-L*, 135 F.3d 694, 699 (10th Cir. 1998) (emphasis added) (finding that parents do not have a right to exempt their children from compulsory attendance requirements). For example, this constitutional right is limited in that parents have no right to exempt their children from certain reading programs they find objectionable, *Mozert v. Hawkins Cnty. Bd. of Educ.,* 827 F.2d 1058 (6th Cir. 1987), *cert. denied,* 484 U.S. 1066 (1988), or from a school's community-service requirement, *Immediato v. Rye Neck School Dist.*, 73 F.3d 454 (2d Cir. 1996), *cert. denied*, 519 U.S. 813 (1996). *See also Phillips v. City of New York*, 775 F.3d 538 (2d Cir. 2015) (affirming decision that state statute and

7

regulation excluding children not immunized from school during disease outbreak was constitutional despite parental objection).

Defendants' Motion to Dismiss is **GRANTED** as to Count III.

### B. Plaintiffs fail to plausibly allege that Defendants violated their Tenth Amendment rights (Count IV).

Plaintiffs aver that the Defendants' face covering policy violated their Tenth Amendment rights. The Tenth Amendment provides: "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the states respectively, or the people." U.S. Const. amend. X. The Tenth Amendment limits the power of the Federal Government by reserving power for the states and operates as a "boundary between federal and state authority." *New York v. U.S.*, 505 U.S. 144, 159 (1992).

Plaintiffs' Tenth Amendment arguments are challenging to follow, but the Court reads them in a light most favorable to Plaintiffs and construes them liberally. Plaintiffs argue the Federal Government improperly intervened in local matters by providing funding through the American Rescue Plan Act of 2021 ("ARP") and information regarding the COVID-19 global pandemic, and the Defendants inappropriately accepted such funding and information. (Compl. ¶¶ 49, 72–75; Opp., PageIDs 520–22.) As a result of this conduct, Plaintiffs' Tenth Amendment rights were violated. (*Id.*) Plaintiffs cite *Printz v. U.S.* to support their assertion that the "Supreme Court of the United States has determined that overreach by Federal Government has in the past violated the Tenth Amendment." (Compl. ¶ 74); 521 U.S. 898 (1997). Defendants contend that the Federal

8

Government is not a party to the litigation, the Tenth Amendment was not intended to provide individuals with substantive rights, and that while Defendants considered recommendations from state and federal authorities, the decision to implement a face covering policy was a local one. (Mot., PageIDs 466–67; Reply, PageIDs 555–56.)

Plaintiffs have not adequately alleged Defendants violated the Tenth Amendment, and their reliance on *Printz* is unavailing. In *Printz,* the Supreme Court held "the Federal Government may not compel the States to enact or administer a federal regulatory program." 521 U.S. at 933. The Federal Government is not a named defendant in this litigation so any argument that the Federal Government acted improperly has no bearing on this lawsuit. Even if Plaintiffs had named the Federal Government as a party in this lawsuit and crafted an argument that the face covering policy and ARP together somehow violated the Tenth Amendment, the Plaintiffs are not state actors like the petitioner in *Printz. See* 521 U.S. 898; *New York v. U.S,* 505 U.S. 144, 157–76, 188 (1992) ("The Federal Government may not compel the States to enact or administer a federal regulatory program.").

Plaintiffs are not entitled to relief under the Tenth Amendment. Defendants' Motion to Dismiss is **GRANTED** as to Count IV.

### C. The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claim (Count V).

Plaintiffs' final claim alleges that Defendants' face covering policy violated Article 1, § 21 of the Ohio Constitution. (Compl. ¶¶ 76–79.) Having dismissed all

9

claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. The United States district courts are "courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Once a court has original jurisdiction over some claims in the action, it can exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966); *Harper v. Auto Alliance Int'l, Inc.,* 392 F.3d 195, 209 (6th Cir. 2004) (holding that claims are part of the same case or controversy if they derive from a "common nucleus of operative facts"). But supplemental jurisdiction is a matter of judicial discretion and "need not be exercised in every case in which it is found to exist." *United Mine Workers of Am.*, 383 U.S. at 726.

The Court finds that exercising supplemental jurisdiction over Plaintiffs' state law claim after dismissing the federal claims would not serve judicial economy, convenience, or comity, and therefore declines to do so. *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 357 (1988).

Defendants' Motion to Dismiss is **GRANTED** as to Count V. Plaintiffs' supplemental state law claims are **DISMISSED** without prejudice to re-filing in state court.

### IV. CONCLUSION

Defendants' Motion to Dismiss is **GRANTED**. Count III and Count IV of Plaintiffs' Complaint are **DISMISSED with prejudice**. Count V of Plaintiffs'

10

Complaint is **DISMISSED without prejudice** to re-filing in state court. The Clerk is **DIRECTED** to remove this case from the docket of the United States District Court for the Southern District of Ohio.

    **IT IS SO ORDERED**.

<u>/s/ Sarah D. Morrison</u>
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**